# ATTACHMENT—CONSTITUTIONAL LAW—JUSTICES OF THE PEACE.

[Cuyahoga (8th) Circuit Court, October 21, 1907.]

Marvin and Winch, JJ.

(Henry, J., not sitting.)

## CHARLES OAKMAN v. ROSS FURNITURE CO.

1. JUSTICES OF THE PEACE IN CUYAHOGA COUNTY TO ISSUE ATTACHMENT CO-
EXTENSIVE WITH COUNTY.

Act 93 O. L. 146, amending Rev. Stat. 583, 584 (Lan. 915, 916), exempting
Cuyahoga and Franklin counties from the operation of the general
law on the jurisdiction of justices of the peace in attachment cases,
is unconstitutional.

[For other cases in point, see 5 Cyc. Dig., "Justices of the Peace," §§ 75-77,
133-141.—Ed.]

2. RULES OF CONSTRUCTION OF STATUTE PART VALID AND PART INVALID APPLIED.

Following familiar principles of construction of legislative enactments,
such amendment, the sole purpose of which is illegal and containing
unconstitutional parts, may render the entire amending act, including
the repealing clause, unconstitutional, or the unconstitutional exceptions
may be stricken out, thereby leaving the former law standing unrepealed
or as it was before the amendment.

[For other cases in point, see 1 Cyc. Dig., "Attachment and Garnishment,"
§§ 230-233.—Ed.]

[Proof of this decision and syllabus was submitted to Judge Winch and
corrected.—Ed.]

ERROR to Cuyahoga common pleas court.

**Carpenter, Young & Stocker** and **J. A. Fenner,** for plaintiff in
error:

Cited and commented upon by the following authorities: *Collins
v. Bingham Bros.* 12 Circ. Dec. 825 (22 R. 533) ; *Rogers v. Prushansky,*
13-23 O. C. C. 271; *Cincinnati, W. & Z. Ry.* v. *Clinton Co. (Comrs.)* 1
Ohio St. 77; *State* v. *Kendle,* 52 Ohio St. 346 [39 N. E. Rep. 947].

**M. P. Goodman,** for defendant in error:

Cited and commented upon by the following authorities: *Whitney
v. Gill,* 8 Circ. Dec. 450 (15 R. 648) ; *Palmer* v. *Tingle,* 55 Ohio St. 423
[45 N. E. Rep. 313] ; *State* v. *Smith,* 48 Ohio St. 211 [26 N. E. Rep.
1069] ; *Gorman* v. *Bepler,* 7 Dec. 15 (4 N. P. 241) ; *State* v. *Voris,* 10
Dec. 451 (8 N. P. 16).

## WINCH, J.

The only question involved in this case is whether justices of the
peace in Cuyahoga county have jurisdiction coextensive with said county
to issue attachments.

Cuyahoga County.

Previous to April 19, 1898, such jurisdiction was undoubted, for Rev. Stat. 583 (Lan. 915), then read:

"Justices of the peace within and coextensive with their respective counties shall have jurisdiction and authority: * * *

"7. To issue attachments and proceed against the goods and effects of debtors in certain cases."

On the date mentioned, however, the legislature amended said section by adding the following language to said paragraph seven:

"Except in counties containing a city of the second grade of the first class, or of the first grade, second class, the jurisdiction and authority in such cases is coextensive only with the township for which the justice was elected, but when said justice has jurisdiction of the defendant because he resides in the township for which said justice was elected or otherwise as provided in Sec. 584 [Lan. 916] of the Revised Statutes, the jurisdiction of the justice in attachment shall be coextensive with the county." 93 O. L. 146.

It needs no citation of authorities to show that it was beyond the powers of the legislature to exempt Cuyahoga and Franklin counties from the operation of the general law on the jurisdiction of justices of the peace in attachment cases.

This amendment was unconstitutional.

But counsel for plaintiff in error contends that if the amendment of 1898 is unconstitutional, it is the whole of paragraph seven of Rev. Stat. 583 (Lan. 915), and that only, which is unconstitutional.

With this view we do not agree. Our examination of the law of 1898 shows that the only purpose in amending paragraphs five and seven of Rev. Stat. 583 (Lan. 915), and paragraph four of Rev. Stat. 584, (Lan. 916), was to exempt Cuyahoga and Franklin counties from the operation of said laws.

That purpose was unlawful, and upon familiar principles of construction of legislative enactments, the whole law, including the repealing clause, may be held unconstitutional, the former law then standing unrepealed.

But we are not remitted to this rule of construction alone. As the only unconstitutional parts of Rev. Stat. 583 and 584 (Lan. 915, 916) are the exceptions added by the amendment, we may strike out said unconstitutional exceptions, leaving the law as it was before amendment.

Our conclusions are consistent with the holdings of the Lucas county circuit court in the case of *Collins* v. *Bingham Bros.* 12 Circ. Dec. 825 (22 R. 533), and of the Hamilton county circuit court in the case of *Rogers* v. *Prushansky*, 13-23 O. C. C. 271, though neither of said

Oakman v. Furniture Co.

courts found it necessary to pass upon the constitutionality of said amendment of 1898, while it is necessary, for a determination of this case, that we do so.

The common pleas court having come to the conclusion here in- dicated, its judgment is affirmed.

**Marvin, J.,** concurs.